IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 06-40-JJF |
| DONNA C. FISHER, | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney, and Samuel Rosenthal, Esquire, attorney for the Defendant, DONNA C. FISHER, the following memorandum of plea agreement (hereinafter the "agreement" or "Memorandum") is hereby entered into by the respective parties:

1.      The Defendant agrees to waive indictment by grand jury and to plead guilty to Count One of the Information, which charges the Defendant with knowingly and willfully making and subscribing a false corporate income tax return for the 2000 tax year, in violation of Title 26, United States Code, Section 7206(1). The essential elements of the offense, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the Defendant signed an income tax return that contained a written declaration that it was made under penalty of perjury; (ii) that in this return, the Defendant falsely stated matters, in this case, the reportable income of a corporation; (iii) that the Defendant knew the statement was false; (iv) that the false statement was material; and (v) that the Defendant made the statement willfully, that is, with intent to violate a known legal duty.

2. The maximum penalties for Count One of the Information are three years imprisonment, a $250,000 fine, or both, a term of one year of supervised release, a $100 special assessment, and the costs of prosecution.

3. The Defendant knowingly, voluntarily, and intelligently admits the following facts:

(a) The Defendant is the sole shareholder of TNT Twist Inc., a corporation doing business in Delaware. For the tax years 1997 through 2001, the Defendant filed tax returns, forms 1120S, with the Internal Revenue Service ("IRS") on behalf of TNT Twist Inc., in which deductions were taken from reportable income for "managing fees." The Defendant signed these returns under penalty of perjury. The deductions for "managing fees" were materially false, in that the sums reported as deductions were actually deposits made to an off-shore bank account and not expended on legitimate management fees. Some of these deposits were made pursuant to the Defendant's participation in an abusive trust called Prosper International Limited ("PIL"). The Defendant participated in the PIL trust for the sole purpose of circumventing federal income tax reporting requirements. At the time the Defendant claimed the deductions for "managing fees" for tax years 1999 through 2001, she knew that they were materially false.

(b) The Defendant, as sole shareholder of TNT Twist Inc., was and is personally liable for the corporation's income tax. The Defendant reports this income on her personal income tax returns, form 1040, by Schedule K-1. The Defendant knew that the Schedule K-1 income for TNT Twist Inc. that she reported on her forms 1040 for the tax years 1999 through 2001 was materially false. Nevertheless, the Defendant willfully signed under

penalty of perjury and filed with the IRS materially false personal income tax returns for the tax years 1999 through 2001.

    (c)    The false deductions for "managing fees" are as follows:

| Tax Year | Deduction for "Managing Fees" | Reduction in Tax Liability |
| --- | --- | --- |
| 2001 | $20,000 | – |
| 2000 | $75,000 | $22,445 |
| 1999 | $80,500 | $32,569 |

    (d)    The total tax loss for sentencing purposes is at least $55,014.

4.    The Defendant understands that at sentencing, the Government may attempt to prove additional loss to the government for tax years 1997 and 1998 in the following amounts:

| Tax Year | Deduction for "Managing Fees" | Reduction in Tax Liability |
| --- | --- | --- |
| 1998 | $100,000 | $34,899 |
| 1997 | $75,500 | $29,541 |

5.    The Defendant agrees to file with the IRS (a) accurate amended corporate tax returns for TNT Twist Inc. (and/or any corporate successor) for the tax years 1997 through 2001 and (2) accurate amended personal income tax returns for the tax years 1997 through 2001. The Defendant further agrees to file the amended corporate and personal tax returns with the IRS no later than thirty days before the scheduled sentencing date in this case. The Defendant further agrees to pay the principal amounts due and owing the IRS with the filing of the aforementioned amended tax returns.

6.    The Defendant agrees to pay the special assessment of $100 at or before the time of sentencing. If the Sentencing Court imposes a sentence that includes a term of imprisonment, and if the Court orders the payment of any fine as part of the Defendant's sentence, the

Defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

7. The United States agrees not to prosecute the Defendant for other income tax offenses arising from the conduct which is stipulated to in paragraph three of this Memorandum of Agreement.

8. The Defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence stated in Title 18, United States Code, Section 3553(a). The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant agrees that she will not be allowed to withdraw her guilty plea because the Court calculates the guidelines differently than she expects, or imposes a sentence greater than what she expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of her attorney.

9. Based on information known by the Government to date, at the time of sentencing the Government agrees to move for a three (3) level reduction in the offense level for the Defendant's affirmative acceptance of responsibility under U.S. Sentencing Guideline Section 3E1.1, if the offense level is sixteen (16) or above; otherwise, the Government will recommend a two (2) level reduction in the offense level pursuant to U.S.S.G. §3E1.1. The Government will make this motion because the Defendant has timely notified authorities of her

intention to enter a plea of guilty, thereby allowing the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

10. The Defendant agrees to cooperate fully and truthfully with the Government as follows:

    a. The Defendant agrees to provide truthful, complete and accurate information and testimony. The Defendant understands that if she testifies untruthfully in any material way she can be prosecuted for perjury.

    b. The Defendant agrees to provide all information concerning her knowledge of, and participation in, the subject matter of the Information of which she has knowledge, and any other crimes about which she has knowledge. The Defendant further understands and agrees that (i) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the Defendant's entry of a guilty plea.

    c. The Defendant agrees to provide the Government with information concerning any bank accounts in her name or in the name of another in which sums are deposited by or at the direction of the Defendant, and information about her state and federal taxes in the last eight years, including her state and federal tax returns. The Defendant further agrees to provide all names, aliases and social security numbers presently or previously used by her. Defendant understands that her assets, if any exist, may be subject to civil or criminal forfeiture proceedings.

d.   The Defendant agrees that she will not falsely implicate any person or entity and she will not protect any person or entity through false information or omission.

e.   The Defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

f.   The Defendant agrees to hold himself reasonably available for any interviews as the Government may require.

g.   The Defendant agrees to provide all documents or other items under her control or which may come under her control which may pertain to any crime.

h.   The Defendant understands that her cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

i.   To enable the Court to have the benefit of all relevant sentencing information, the Defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the Government agrees that all relevant sentencing information is available.

j.   The Defendant agrees that if the Government determines that the Defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime between the date of this agreement and her sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the Defendant shall be subject to prosecution for any federal crime of which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any

information provided by the Defendant during the course of her cooperation, and this information may be used as evidence against her. Moreover, the Defendant's previously entered guilty plea will stand and cannot be withdrawn by her.

11. If the Government in its sole discretion determines that the Defendant has fulfilled her obligations of cooperation as set forth above, at the time of sentencing, the Government will:

    a. Make the nature and extent of the Defendant's cooperation known to the Court.

    b. Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1, only if the Government, in its sole discretion, determines that the Defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The Defendant understands that, as of the date of this Memorandum of Plea Agreement, the Government has not yet determined whether her conduct qualifies for a Government motion pursuant to U.S.S.G. § 5K1.1.

    c. The Defendant further understands that the Government in its sole discretion will decide whether and how to investigate any information provided by her. The Defendant further understands that if she breaches this agreement in any way, including by committing a new crime after the date of this agreement, the Government will not file a substantial assistance motion.

    d. Make whatever sentencing recommendation the Government deems appropriate.

12. The Defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which she may testify.

13. The Defendant understands that if it is discovered that statements made to the Government are untruthful in any material way, this agreement is violated and becomes voidable by the Government. Whether any untruth is considered material is a determination that the Government will make in its sole discretion.

14. The parties reserve the right to defend the Pre-Sentence Officer's findings at the sentencing hearing and to defend the Sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. Thus, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the Defendant does not receive the benefits she expects from any such stipulation or recommendation, the Defendant may not withdraw her guilty plea.

15. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned

/ / /

parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

16.　This Memorandum is contingent upon the approval of the Tax Division of the United States Department of Justice.

_____
Samuel Rosenthal, Esq.
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

BY: _____
Adam Safwat
Assistant United States Attorney

_____
Donna C. Fisher
Defendant

Dated: __4/7__, 2006

\* \* \*

AND NOW this __9__ day of __May__, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by the Court.

_____
THE HONORABLE
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE